## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ANDREW DAVID and
KELLY DAVID,

     Plaintiffs,

v.                            Case No.: 5:21-cv-00027-MW-MJF

USAA CASUALTY INSURANCE
COMPANY,

     Defendant.
_____/

## PLAINTIFFS' MOTION TO REMAND
## AND FOR ATTORNEY FEES AND COSTS

COME NOW, Plaintiffs, Andrew David and Kelly David, pursuant to 28 U.S.C. § 1447, and file this Motion to Remand and for Attorney Fees and Costs, stating the following in support thereof:

### I.    Factual History / Procedural Background.

On July 29, 2020, Plaintiffs commenced this action by filing a Complaint for Bad Faith Claims Handling and Unfair Insurance Claims Practices in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida. *See,* DE 1-2, generally. In their Complaint, Plaintiffs explicitly allege that the damages claimed are "less than Seventy Five Thousand Dollars ($75,000.00), inclusive of interest, costs, and attorney's fees." *Id.* at ¶ 1. The amount of damages sought by Plaintiffs in

this action remains, and will remain, less than $75,000.00. *See*, Declaration of Andrew David; Declaration of Kelly David attached hereto as "Exhibit A". Plaintiffs, in short, do not seek damages in excess of $75,000.00. *Id.*

In support of their claims, Plaintiffs allege, *inter alia*, that they presented a hurricane claim to the Defendant, which Defendant failed to handle properly. *See,* DE 1-2 at ¶¶ 6 – 7. In response to Defendant's deficient claim handling, Plaintiffs filed a Civil Remedy Notice ("CRN") with the Florida Department of Financial Services. *Id.* at ¶ 8. After the CRN went uncured for the statutory 60-day period,[1] Defendant's liability and the extent of Plaintiffs damages were determined via an appraisal. *Id.* at ¶ 10 and p. 102 (Exhibit C to the Complaint). Plaintiffs were awarded $81,778.61 in replacement cost value ("RCV") damages through the appraisal process. *Id.* at p. 102 (Exhibit C to the Complaint). All amounts owed by Defendant to Plaintiffs were tendered well prior to Defendant's Notice of Removal. *See,* Claim File records produced by Defendant attached here to as "Exhibit B" indicating final payments to Plaintiffs in January of 2020.

On February 1, 2021, Defendant filed a Notice of Removal wherein it represents that this Court has subject matter jurisdiction as the parties are diverse and "[t]he amount in controversy is easily satisfied as Plaintiffs' verified interrogatory responses indicate that Plaintiffs seek a judgment in excess of

---

[1] *See,* Section 624.155(3)(a), Florida Statutes.

$75,000." *See,* DE 1 ¶ 11. The interrogatories and responses Defendant relies upon in making this representation are as follows:

1. Describe with specificity each and every claim for damages or other relief you are making against USAA CIC in this action, specifying all types, items and categories of loss, damage, or other reimbursement claimed, and including for each, a dollar amount and the formula or method you used to calculate that amount. If you are not able to specify an exact dollar amount, indicate the range or approximate amount you intend to claim.

   [RESPONSE][2] Objection. Plaintiffs object to this request on the grounds that it is vague, ambiguous, overly broad, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, in accordance with Florida Rule of Civil Procedure 1.340(c), please see the estimates prepared by Five Star Claims Adjusting dated October 30, 2018 and November 16, 2018. Notwithstanding, please also see the Complaint filed in the instant matter. See also Plaintiffs' response to Interrogatory No. 5.

   […]

---

[2] Plaintiffs emphasize that these responses, although sufficient, were thereafter timely amended as permitted by law.

5. State in detail, and delineate by category, all amounts paid by you to repair or replace any property that you contend was damaged by the hurricane referenced in paragraph 6 of your Complaint; please identify who made the repairs, when the repairs were made, and the cost of the repairs.

[RESPONSE] Objection. Plaintiffs object to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving said objections, see the below:

Eric Anderson, General Contractor

Rebuilding Strong

In accordance with Florida Rule of Civil Procedure 1.340(c), please see the Rebuilding Strong invoice dated November 28, 2018, which Plaintiffs have paid in full

Aaron Manahan

Good Neighbors Fencing, Inc.

In accordance with Florida Rule of Civil Procedure 1.340(c), please see the contract agreement between Plaintiff and Good Neighbors Fencing, Inc. dated November 18, 2019, which Plaintiffs have paid in full

Grand Floridian Shutter Systems

In accordance with Florida Rule of Civil Procedure 1.340(c), please see Grand Floridian Shutter Systems invoice dated March 6, 2020 As the work for this invoice is ongoing, Plaintiffs have paid a portion of this invoice and will pay in full when the work is complete.

Ridge Heating and Air Conditioning Inc.

In accordance with Florida Rule of Civil Procedure 1.340(c), please see the Ridge Heating and Air Conditioning Inc. proposal dated July 8, 2020, which Plaintiffs have paid in full.

Arbor Tree Care

In accordance with Florida Rule of Civil Procedure 1.340(c), please see the estimate prepared by Arbor Tree Care dated July 24, 2020, which Plaintiffs have paid in full.

Leake Landscapes, LLC

In accordance with Florida Rule of Civil Procedure 1.340(c), please see Leake Landscapes invoice dated January 6, 2020, which Plaintiffs have paid in full.

*See,* DE 1-4 at pp. 4 – 6.

Defendant asserts that because "[t]he referenced estimates set forth damages of $135,867.00 and $11,623.01 respectively […] Plaintiffs clearly seek damages in excess of $75,000." *See,* DE 1 at ¶ 14.

Defendant further contends that "Plaintiffs also refused to stipulate to seeking damages less than $75,000." *Id.* at p. 4, FN 1. In fact, no such request for a stipulation was presented to Plaintiffs, either before or after removal. It is patently false to assert otherwise. On the contrary, the following Request for Admission and response next ensued:

1. Admit that you will not seeks [sic] a sum or value in excess of $75,000, exclusive of interests and costs, in this action.

   [RESPONSE] Objection. The Complaint speaks for itself. Plaintiffs further object on the grounds that Plaintiffs are not required to stipulate to a jurisdictional amount. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

*See,* DE 1-2 at p. 185.

Defendant did not confer, seek to confer, or request a ruling on any of Plaintiffs objections before filing this Notice of Removal.

On February 2, 2021, counsel for the parties conferred telephonically with respect to the instant Motion per Local Rule 7.1(B). During this conversation, the undersigned informed defense counsel that he had misinterpreted Plaintiffs response to interrogatory number one. Thereafter, in an effort correct counsel's apparent misunderstanding, and thereby avoid unnecessary motion practice, Plaintiffs served Defendant with amended discovery responses, as follows:

1. Describe with specificity each and every claim for damages or other relief you are making against USAA CIC in this action, specifying all types, items and categories of loss, damage, or other reimbursement claimed, and including for each, a dollar amount and the formula or method you used to calculate that amount. If you are not able to specify an exact dollar amount, indicate the range or approximate amount you intend to claim.

   [RESPONSE] Plaintiffs are seeking less than $75,000 in damages, inclusive of interest, costs, and attorney's fees. Please also see the Declarations of Plaintiffs produced herewith.

1. Admit that you will not seek a sum or value in excess of $75,000, exclusive of interests and costs, in this action.

   [RESPONSE] Admitted.

   *See,* "Exhibit C" attached hereto.

   Since the inception of this case, Plaintiffs have made two settlement demands – one on October 23, 2020, and another on February 10, 2021. Each was for a sum <u>less</u> than $75,000.00. *See,* Emails attached hereto as "Exhibit D". Plaintiffs have sworn under oath that they do not, have not, and will not, seek damages in excess of $75,000.00. The amount in controversy in this action is thus undeniably less than $75,000.00, and the Court, accordingly, lacks subject matter jurisdiction. This case must be remanded to state court.

## II.   Legal Standard.

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Because "[s]ubject matter jurisdiction is conferred and defined by statute[,] [i]t cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency." *Id.* (internal citations omitted). "When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Id.*

"The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Marambio v. Scottsdale Ins. Co.*, 2020 WL 2393119, at *2–3 (S.D. Fla. 2020)(citing to *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2219730, at *1 (S.D. Fla. 2010)). Therefore, all doubts regarding the federal court's jurisdiction are to be resolved in favor of remand. *Id.*; *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Zamora v. Integon Nat'l Ins. Co.*, 2019 WL 7945246, at *1–3

(S.D. Fla. 2019) (Uncertainties should be resolved in favor of remand when the parties are disputing federal jurisdiction).

As the party that removed the case, it is Defendant's burden to show that the amount in controversy exceeds $75,000. *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001). "As here, where a complaint states an amount in controversy below the jurisdictional requirement of $75,000.00, the removing defendant must prove to a 'legal certainty' that the claim exceeds the required amount in controversy." *Tumblebees Gymnastics, Inc. v. Nationwide Mut. Ins. Co.*, 19-21308-CIV, 2019 WL 7956169, at *1 (S.D. Fla. May 15, 2019)(citing *Burns*, 31 F.3d at 1095).

### III.   Arguments.

#### a.   Plaintiffs Are Masters of Their Claim, and Their Claim is for Less Than $75,000.00.

"[T]he Court gives preference to Plaintiff's own assessment of the value of her case." *Castellanos v. Target Corp.*, No. 10-62456-CIV, 2011 WL 384292, at *3 (S.D. Fla. Feb. 3, 2011) (citation omitted); see also *Burns*, 31 F.3d at 1095 ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.") (citation omitted); Wright & Miller, 14A Federal Practice and Procedure § 3702 ("Plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.") (emphasis added). If a plaintiff "does

not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

As the Eleventh Circuit noted in *Burns*:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.
>
> […]
>
> [T]o avoid a remand, […] defendant must prove **to a legal certainty** that plaintiff's claim must exceed [the jurisdiction threshold]. This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction.

*Id.,* 31 F.3d at 1095 - 1096 (emphasis added).

In *Armendariz v. Scottsdale Ins. Co.*, the defendant's notice of removal alleged that the amount in controversy exceeded $75,000 because Plaintiffs sent Defendant an estimate of loss showing $160,640.72 in damages. *Armendariz v. Scottsdale Ins. Co.*, 1:20-CV-20127-UU, 2020 WL 6134262, at *1 (S.D. Fla. Feb. 20, 2020). In reliance upon *Burns*, the Court rejected Defendant's position that "the Estimate conclusively establishes the amount in controversy." Instead, giving "preference to Plaintiff's own assessment of the value of her case", the Court remanded the case. *Id.* at *2; *see also, Koppey v. Liberty Mut. Fire Ins. Co.*, 20-CV-

23583, 2020 WL 7324796, at *3 (S.D. Fla. Oct. 14, 2020)("the more recent settlement demand attached to Plaintiff's Motion clearly establishes that the amount of damages in this case at the time of removal is $57,102.24).

Similarly, in *Baisden v. Hartford Ins. Co. of the Midwest*, the defendant asserted that, notwithstanding the plaintiff's settlement demand of $71,500.00 and an express allegation in the complaint that the damages were less than $75,000.00, "the $93,456.97 in the Estimate [submitted by plaintiff to defendant] conclusively establishes the amount in controversy." *Id.*, 0:20-CV-60289-UU, 2020 WL 5798399, at *2 (S.D. Fla. Feb. 28, 2020). The defendant argued "that Court must look to the Estimate, rather than Plaintiffs' representations in settlement demands, because the Estimate is itemized (i.e., specific) while the Plaintiffs' representations are conclusory and non-specific." *Id.* at * 3. In rejecting the defendant's argument and granting the plaintiff's motion to remand for lack of subject matter jurisdiction, the Court held:

> [Defendant's] argument ignores paragraph 1 of the Plaintiffs' Complaint, which specifically alleges that Plaintiffs are seeking more than $15,000.00 "but less than $75,000.00, inclusive of attorney's fees and costs." D.E. 1-2 ¶ 1. The Court need not look to the Estimate where Plaintiffs have, within the four corners of the Complaint, disclaimed any intent to seek more than $74,999.99, total. Of course, Defendant is protected by Federal Rule of Civil Procedure 11 (and its state court equivalent) against any improper gamesmanship in Plaintiffs' damages representations. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003) ("Because

> McKinnon's lawyers are officers of this court and subject
> to sanctions under Federal Rule of Civil Procedure 11 for
> making a representation to the court for an improper
> purpose, such as merely to defeat diversity jurisdiction, we
> give great deference to such representations and presume
> them to be true." (footnote omitted)); *see also* 28 U.S.C. §
> 1446(a) (notice of removal must be "signed pursuant to
> Rule 11 of the Federal Rules of Civil Procedure").

*Id.* (emphasis in original).

In *Meredith v. Dragomirecky*, the plaintiffs moved to remand arguing 1) that on the face of the operative complaint, plaintiffs were seeking less than $75,000.00, and 2) that they had notified opposing counsel both that the amount in controversy did not exceed the jurisdictional amount required by 28 U.S.C. § 1332, and that opposing counsel was calculating plaintiffs' damages incorrectly. *Id.*, 3:08-CV-1195-J-34TEM, 2009 WL 10670310, at *1 (M.D. Fla. Feb. 5, 2009). In granting the plaintiff's motion to remand, the Court held:

> Here, the Complaint is not silent or ambiguous in the
> manner contemplated in *Brill*. Instead, Plaintiffs state that
> Defendant owes them $63,573.14 and do not appear to
> omit or obscure any information needed to calculate the
> amount in controversy in order to avoid removal. Indeed,
> the Complaint would have to be read in a purposefully
> unnatural way to arrive at the ambiguity relied upon by
> Defendant. Additionally, even if the Complaint were
> somewhat ambiguous, *Brill* does not permit Defendant to
> substitute his own conclusion for Plaintiffs' actual
> demand.
>
> […]

Moreover, Plaintiffs do not appear to be attempting to improperly adjust their claim after the fact to avoid federal jurisdiction. While it is certainly true that the amount in controversy is determined at the time of removal and subsequent events cannot add to or subtract from a plaintiff's claim so as to impact subject matter jurisdiction, *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000), it does not appear to the Court that Plaintiffs are attempting to revise their initial claim. Again, the statements made by Plaintiffs clarify what is requested in the Complaint, the relevant amount at the time of removal, rather than alter that sum, and Defendant has failed to establish that Plaintiffs actually contemplated any additional sums in the claim made in the Complaint. Moreover, to the extent there is uncertainty, the Court must resolve the ambiguity in favor of remand. *See Burns*, 31 F.3d at 1095.

*Id.* at *3 – 4.

In the instant case, as in *Armendariz* and *Koppey*, Plaintiffs valuation of their damages, as evidenced by the only two settlement demands presented in this case and Plaintiffs' sworn declarations, is both less than the jurisdictional threshold and entitled to deference over Defendant's misguided interpretation of since-amended, now null, discovery responses.[3] Just as in *Baisden*, Plaintiffs' complaint expressly states that the damages sought are less than $75,000.00, inclusive of attorney fees, and Plaintiffs settlement demands, both pre and post-removal, have all been less than $75,000. It is well established that "[t]he Court need not look to the Estimate where Plaintiffs have, within the four corners of the Complaint, disclaimed any intent to

---

[3] Defendant erroneous interpretation of Plaintiffs original discovery responses is detailed below.

seek more than $74,999.99, total." *Baisden*, 2020 WL 5798399 at *3 (emphasis in original). Finally, as in *Meredith*, Plaintiffs have clarified for Defendant the amount in controversy, through amended discovery responses and sworn declarations, thereby foreclosing any possibility of ambiguity or uncertainty.

In sum, because the record before the Court conclusively establishes that the amount in controversy is less than $75,000.00, the Court lacks subject matter jurisdiction and remand is mandatory.

### b. Defendant's Claim that the Repair Estimates and Invoices Produced in Discovery Constitute an Accurate Reflection of the Damages Sought is Without Merit.

As detailed *supra*, the interrogatory and request for admission upon which Defendant relies in support of removal have been amended to remove <u>any</u> doubt as to the amount of damages sought by Plaintiffs in this case. *See,* "Exhibit C". Assuming *arguendo,* that the initial discovery response are relevant to the Court's analysis here, the original responses do not, as Defendant claims, satisfy the Defendant's burden.

Initially, the original discovery responses asserted objections. Defendant did not confer, or seek to confer, with Plaintiffs' counsel in an effort to resolve those objections, nor did Defendant request a ruling from the Court on those objections prior to filing its Notice of Removal. Instead, Defendant ignored the objections, and

simply assigned its own interpretation of the documents referenced to arrive at the conclusion it desired.

As detailed above, in response to interrogatory number one Plaintiffs objected, and then directed Defendant to the Complaint, two estimates prepared by Five Star Claims, and Plaintiffs' response to interrogatory number five. In response to interrogatory number five, Plaintiffs listed and produced contractor invoices for repairs. In its Notice of Removal, Defendant maintains that because Five Star estimated the total cost to repair the hurricane damage at $135,867.00 and $11,623.01, and because Plaintiffs produced invoices for repairs totaling $83,073.15, Plaintiffs seek damages in excess of $75,000 in this case. *See,* DE 1 at ¶ 14. This position is untenable. Indeed, it fails for multiple reasons.

Initially, and most importantly, explicitly referenced in the original interrogatory response was the Complaint which states unequivocally that "this is an action for bad faith claims handling and unfair insurance claims practices with damages greater than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney fees, ***but less than Seventy Five Thousand Dollars ($75,000.00), inclusive of interest, costs, and attorney's fees***." *See,* DE 1-2 (emphasis added). Here, the inquiry stops, as "[t]he Court need not look to the Estimate where Plaintiffs have, within the four corners of the Complaint, disclaimed any intent to seek more than $74,999.99, total." *Baisden*, 2020 WL 5798399 at *3 (emphasis in original);

*see also, Wilson v. Am. Sec. Ins. Co.*, 18-60760-CIV, 2018 WL 7080031, at *3 (S.D. Fla. June 21, 2018)("The Court will not attempt to calculate the amount of damages based on the public adjuster's estimate since that would be an impermissible exercise in speculation")(citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010)).

Next, inasmuch as this is <u>not</u> a breach of contract case, Plaintiffs do not, and cannot, claim damages equal to the cost to repair and/or replace the damage caused to the insured property. Defendant does not cite, nor does there exist, legal authority to support Defendant's apparent position that the estimated and/or incurred costs to repair or replace property damage are recoverable in a bad faith action brought against a property insurer, after the insurer's liability and extent of damages on the underlying claim has been determined. Instead, Plaintiffs damages are, as a matter of law, limited to "those amounts that are the consequence of the insurer's bad faith." *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994)(receded from on other grounds by *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1995)).[4] Because Plaintiff do not, and cannot not, claim damages equal to the costs

---

[4] While potentially available under Fla. Stat § 624.155, leave of Court to amend to seek punitive damages was neither sought nor granted prior to removal. *See,* Fla. Stat. § 768.72 (requiring leave of Court to assert claims for punitive damages in civil actions). As such, punitive damages are not relevant to the Court's inquiry as to the amount in controversy at the time of removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010) "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later").

of repairs, Defendant has failed to carry its evidentiary burden with respect to the amount in controversy.

Finally, even if the estimates and invoices referenced in Plaintiffs original response to defense interrogatory number one were relevant (which they are not), Defendant's argument still fails. When read as a whole, the response makes clear that much of the cost of repair has already been paid. To reiterate, Plaintiffs' original interrogatory response explicitly references the Complaint, which makes clear, by way of both allegations and exhibits, that the appraisal process set Defendant's liability to Plaintiffs on the underlying claim at a replacement cost value of $81,778.61. *See,* DE 1-2 at p. 102. The estimates upon which Defendant erroneously relies total $148,278.28 in replacement cost value, leaving a difference of just $66,499.67, before application of the $5,200.00 hurricane deductible. *See,* DE 1-2 at p. 15; DE 1-5 at pp. 19 and 63. The same holds true when Defendant's payments are applied to the invoices totaling $83,073.15 -- the amount in controversy falls well below the jurisdictional threshold ($83,073.15 – $81,778.61 = $1,294.54, before deductible). Of course, no claim is, or could, be made for the sum of estimated and actual costs to repair the same[5] items. *See, e.g., Montage Group, Ltd. v. Athle-Tech*

---

[5] As expected, a cursory review invoices from Plaintiffs' contractors reveals that the majority of the repairs reflected therein are also accounted for on the Five Star estimates. *See*, DE 1-5 at p. 3 and p. 98 (roofing), p. 17 and p. 99 (fencing), p. 17 and p. 100 (landscaping), p. 17 and p. 101(tree work), pp. 5 – 6, 9 – 10 and pp. 102 – 107 (windows), pp. 17 and p. 107 (HVAC).

*Computer Sys., Inc.*, 889 So. 2d 180, 199 (Fla. 2d Dist. App. 2004)("A double recovery based on the same element of damages is prohibited.")

Thus, even if Plaintiffs were seeking to recover the cost to repair or replace the damage to the insured property through this lawsuit (which they are not), it is axiomatic that the amount already awarded and paid,[6] as well as the deductible, must be applied as a set-off in calculating the amount in controversy. Authorities supporting this required reduction are legion. *See, e.g., Tumblebees Gymnastics, Inc.*, 2019 WL 7956169 at *1 ("In resolving the scope of its subject-matter jurisdiction, the undersigned must consider evidence that insurance payments reduced the amount-in-controversy if the reduction occurred *before removal.*")(quoting *Teodorescu v. Intown Suites Military Trail, LLC*, No. 17-80054, 2017 WL 9280112, at *2 n.1 (S.D. Fla. Feb. 9, 2017); *Ruffer v. State Farm Mut. Auto. Ins. Co.*, No. 8:15-CV-1914-T-23TBM, 2015 WL 8739928, at *2 (M.D. Fla. Dec. 15, 2015) (considering a set-off that occurred before removal in determining the amount-in-controversy); *Bradbury v. First Liberty Ins. Corp.*, 618CV1781ORL22DCI, 2018 WL 8224780, at *2 (M.D. Fla. Nov. 1, 2018)("In calculating the amount in controversy, courts have reduced repair estimates and claims by the deductible.")(collecting cases); *Bittorf v. Lexington Ins. Co*., No. 6:18-cv-632-ORL-37TBS, 2018 WL 2976734, at *3 (M.D. Fla. May 24, 2018) (reducing

---

[6] *See,* "Exhibit B" evidencing payments to Plaintiffs.

the plaintiff's repair estimate by the deductible to determine the amount in controversy), *report and recommendation adopted*, 2018 WL 2970923 (M.D. Fla. June 13, 2018);*Albino Investments, LLC v. Geovera Specialty Ins. Co.*, 8:20-CV-1326-T-60JSS, 2020 WL 6343293, at *1 (M.D. Fla. July 23, 2020)("In determining the value of an insured's breach of contract claim, the Court must exclude from the calculation any amount the insurer has already paid under the policy.")

To posit otherwise would be to ignore the fundamental principal that, in an action premised on bad faith, a plaintiff cannot make a "double recovery" by attempting to recoup breach of contract damages via the bad faith action. *See, e.g., Ticor Title Ins. Co. v. U. Creek, Inc.*, 767 F. Supp. 1127 (M.D. Fla. 1991)("Any damages for title insurer's failure to acknowledge and act promptly upon communications with respect to claims would duplicate damages for breach of policy and could not be recovered under Florida law"). Defendant's tortured interpretation of Plaintiffs' original response to interrogatory number one, and its flawed valuation of Plaintiffs' damages, do not alter the fact that the amount in dispute here is less than $75,000.00. Subject matter jurisdiction is thus lacking and remand is required.

### c. Plaintiffs Did Not Refuse to Stipulate to the Amount of Damages.

As detailed above, Defendant's Notice of Removal claims that "Plaintiffs also refused to stipulate to seeking damages less than $75,000." *See,* DE 1 at FN 1. As

noted, and in fact, no stipulation to this effect was ever presented to, much less refused by, Plaintiffs. Instead, a request for admission under Florida Rule of Civil Procedure 1.370 was served upon Plaintiffs which requested that Plaintiffs admit "that you will not seeks a sum or value in excess of $75,000, exclusive of interests and costs, in this action." *See,* DE 1-2 at p. 185. In their initial response Plaintiffs objected, citing decades-old Eleventh Circuit precedent holding that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Nevertheless, in an effort to clarify the issue and avoid unnecessary motion practice, Plaintiffs withdrew their objection and admitted this request. *See,* "Exhibit C".

As this issue has been rendered moot by Plaintiffs' amended discovery responses, the original responses do not bear upon, let alone satisfy, Defendant's burden. Yet, to reiterate, even if Plaintiffs had "refused to stipulate" as Defendant erroneously claims, such a refusal would still not satisfy Defendant's evidentiary burden. As this Court explained in *Dukes v. Circle K Stores Inc*.:

> [T]he Court does not find that the amount in controversy is satisfied based on Dukes's failure to stipulate that her damages are less than the requisite jurisdictional amount. *See* ECF No. 13 at 6. While a plaintiff's refusal to stipulate that her damages fall below the jurisdictional amount is a factor to be considered when assessing the amount in controversy, this fact does not, in and of itself, establish that the amount in controversy is

> met. *See Williams*, 269 F.3d at 1320; *see also Lamb*, 2010 WL 6790539, at *3 (quoting *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009)).

*Id.*, 318CV02037MCRMJF, 2018 WL 7288761, at *3 (N.D. Fla. Oct. 18, 2018) (Rodgers, J.)

Because Plaintiffs never "refused to stipulate" that the amount in controversy was less than $75,000.00, and because even if they did it would not serve to satisfy Defendant's burden, Defendant has failed to establish the requisite amount in controversy under 28 U.S.C. § 1332.

### d.  No Evidence of Plaintiffs Fees.

It is anticipated that Defendant may argue that the Court is required to consider Plaintiffs' claim for attorney fees when determining the amount in controversy. Any such argument cannot bring this case within the jurisdictional confines of 28 U.S.C. 1332.

Initially, Defendant makes no mention of attorney fees in its Notice of Removal, but instead relies solely upon the estimates. As a consequence, any argument that the Plaintiffs' claim for attorney fees serves as a basis for removal has been waived. *See, e.g., Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003)("we decline the invitation to exercise jurisdiction on that basis because Flexible had the burden to plead this basis in its notice of removal, and it did not"); *Assael v. Preferred Care Partners, Inc.*, 0:17-CV-62584-KMM, 2018 WL 6529530,

at *6 (S.D. Fla. Feb. 23, 2018)(ground for removal not appearing in the Notice of Removal is waived);

Additionally, even if Defendant had not waived this argument, any such argument would fail for want of evidence. *See, e.g., Armendariz*, 2020 WL 6134262 at *3 (declining to consider attorney fees in determining the amount in controversy where "Defendant has not submitted any affidavit, declaration, or other estimate of the amount of attorneys' fees Plaintiffs had incurred at the time of removal"); *Kinsey v. Husqvarna Constr. Prods. N. Am., Inc.*, No. 8:19-cv-2658-T-33TGW, 2019 WL 5718283, at *2 (M.D. Fla. Nov. 5, 2019) (Hernandez Covington, J.) (where removing defendant "merely speculat[ed] and provide[d] no information about the attorney's fees [the plaintiff] actually incurred before removal," the court would "not include this amount in the amount in controversy calculation"). Thus, Plaintiffs' claim for attorney fees cannot alter the inescapable conclusion that the amount in controversy here falls short of $75,000.00.

### e. Nothing Has Changed.

It is further expected that Defendant may claim that Plaintiffs are "changing their tune" post-removal. Such assertion lacks merit; it is contradicted by the record. Plaintiffs have made clear since the inception of this case that they seek less than $75,000.00 in damages.

As the Eleventh Circuit held in *Roe v. Michelin N.A., Inc.*:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Id.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)(internal citations and footnotes omitted).

Notwithstanding, Courts in the Eleventh Circuit, consistent with United States Supreme Court precedent, have deemed post-removal stipulations and representations, such as might be ascribed to Plaintiffs, to be proper "clarifications," rather than "changes," to the amount in controversy. *See, e.g., Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir.2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction."); *Tolbert v. K-Mart*, CA 06-0864-C, 2007 WL 778461, at *1 (S.D. Ala. Mar. 8, 2007)("[D]istrict courts in the Eleventh Circuit characterize a post-removal amount-in controversy stipulation as a clarification permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul.*"); *Spencer v. Safeway Ins. Co. of Alabama, Inc.*, CIV.A. 14-0380-CG-N, 2014

WL 5335825, at *4 (S.D. Ala. Oct. 20, 2014)(citing *Hardy v. Jim Walter Homes, Inc.,* Civil Action No. 06–0687–WS–B, 2007 WL 1889896, *3 & n. 6 (S.D. Ala. June 28, 2007) (accepting plaintiffs' post-removal affidavits averring that they do not seek and will not accept more than $74,000 in damages, reasoning that "[u]nder firmly entrenched Circuit precedent, these affidavits are properly considered to clarify the amount in controversy at the time of removal")); *Land Clearing,* 2012 WL 206171, at *4 & n. 5 ("Land Clearing's evidence is exactly the sort of clarification that courts examine in ascertaining whether the $75,000 amount-in-controversy threshold was present when the notice of removal was filed. Plaintiff's counsel's insistence that his client does not seek, and will not accept, more than $74,000 from defendants looms large in the jurisdictional inquiry, and merits considerable deference." (citing cases)); *Davison,* 2013 WL 4012654, at *3 ("Here, fortunately for purposes of remand, the jurisdictional amount was ambiguous on the face of complaint filed in state court, and the plaintiffs' affidavit sheds some light on their thinking at the time they filed their complaint. The first sentence begins, 'Plaintiffs, and their undersigned counsel, irrevocably stipulate that the total amount in controversy for this case for all claims of both Plaintiffs, collectively and in the aggregate, is less than $75,000, exclusive of interests and costs ...' As such, this sentence is properly viewed as a 'clarification.'" (citing cases)).

Consistent with the above authority, Plaintiffs here have taken prompt, appropriate and permissible measures post-removal to clarify, to the extent such may be necessary, the amount in controversy in this case. As all doubts as to the damages sought by Plaintiffs have been removed, and because the amount in controversy irrefutably falls short of $75,000.00, remand is required.

### f. Plaintiffs are Entitled to an Award of Attorney Fees and Costs.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because Defendant's removal was manifestly unreasonable, the Court should award attorney fees and costs to Plaintiffs.

In *Baisden*, discussed *supra*, the plaintiff expressly pleaded that the amount in controversy was less than $75,000.00 and submitted settlement demands of less than $75,000.00. *Id.*, 2020 WL 5798399 at *3. Notwithstanding the certainty provided by the complaint and plaintiff's own valuation of her claim, the defendant removed the case relying upon a repair estimate. The Court not only granted the

plaintiff's motion to remand, but also awarded attorney fees and costs to the plaintiff,

holding that:

> The applicable 28 U.S.C. § 1447(c) standard has been satisfied here. Defendant's removal was objectively unreasonable given that it was clear from the face of the Complaint—which was signed by Plaintiffs' counsel as an officer of the Court subject to a duty of candor—that Plaintiffs were specifically seeking less than the jurisdictional threshold.

*Id.* at *3.

Similarly, in *Caceres v. Scottsdale Ins. Co.*, the defendant removed the

plaintiff's claim citing to repair estimates totaling $91,862.51. *Id.*, 19-CV-24163,

2019 WL 10058795, at *3 (S.D. Fla. Dec. 5, 2019), *reconsideration denied*, 19-CV-

24163, 2020 WL 977840 (S.D. Fla. Feb. 28, 2020). The Court granted the plaintiff's

motion to remand, noting that after the payments already made by defendant were

subtracted from the repair estimates, the total amount in dispute was just $67,058.79.

*Id.* In awarding fees and costs to the plaintiff, the Court held:

> Defendant should have known to account for the payment made in connection with the 2019 claim when using Plaintiffs' estimate of repairs as the basis for establishing the amount in controversy requirement for diversity jurisdiction. The Court concludes that Defendant did not have an objectively reasonable basis for removal under these circumstances. Therefore, Plaintiffs' request for an award of attorney's fees and costs incurred as a result of this removal is granted.

*Id.* at *5.

In the instant case, as in *Baisden*, Plaintiffs' Complaint and settlement demands make clear that the amount in controversy is less than $75,000.00, irrespective of the estimates relied upon by Defendant. Moreover, even if the estimates in question were somehow relevant, just as the defendant in *Caceres*, Defendant has purposefully ignored the prior payments that <u>it made</u>, despite the fact that those payments must be taken into account. Finally, even in the face of Plaintiffs' considerable efforts to clarify Defendant's purported confusion with respect damages, Defendant remains intransigent and stubbornly clings to an objectively unreasonable position. An award of attorney fees and costs here is well warranted, consistent with the objectives of 28 U.S.C. § 1447(c). *See, e.g., Martin*, 546 U.S. at 133 ("The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party[.]")

## IV.   Conclusion

The Eleventh Circuit has "long recognized [that] plaintiffs are 'the master of the complaint' and are 'free to avoid federal jurisdiction' by structuring their case to fall short of a requirement of federal jurisdiction. We permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.,* 720 F.3d 876, 882 (11th Cir. 2013); *see also, Burns*, 31 F.3d at 1097 n.12 ("Congress has recognized and accepted that, in some circumstances, plaintiff can and will

intentionally avoid federal jurisdiction."). The United States Supreme Court has likewise recognized that a plaintiff desiring to have his case heard in state court may "resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co.* 303 U.S. at 294. As such, when a "complaint's *ad damnum* clause specifically requests less than [the] jurisdictional amount[,] defendant must prove to a legal certainty the required amount for removal[.]" *GMAC Mortg. LLC v. Scott*, 4:07CV157-RH/WCS, 2007 WL 9735117, at *1 (N.D. Fla. Sept. 23, 2007)(Hinkle, J.)(citing *Burns*).

In the case at bar, Defendant has fallen woefully short of proving to a legal certainty that the amount in controversy exceeds $75,000.00. As expressly countenanced by the United States Supreme Court in *St. Paul*, Plaintiffs have sued for and will only seek below the jurisdictional amount. Accordingly, this Court lacks subject matter jurisdiction and Plaintiffs' Motion to Remand must be granted.

WHEREFORE, Plaintiffs respectfully request an Order from this Honorable Court:

a. GRANTING Plaintiffs' Motion to Remand and for Attorney Fees and Costs;

b. REMANDING this case to the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida;

   c.  AWARDING Plaintiffs attorney fees and costs incurred in bring the instant

      motion; and

   d.  Any and all other relief deemed appropriate under the circumstances.


           Respectfully submitted by:

           /s/ *Benjamin W. Raslavich*
           **BENJAMIN W. RASLAVICH, ESQ.**
           Florida Bar No.: 0102808
           **KUHN RASLAVICH, P.A.**
           2110 West Platt Street
           Tampa, Florida 33606
           Telephone: (813) 422 – 7782
           Facsimile: (813) 422 – 7783
           ben@theKRfirm.com
           Counsel for Plaintiffs


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

    I HEREBY CERTIFY that counsel for Plaintiff has conferred with counsel

for Defendant in good faith with respect to the relief requested in this instant Motion

and that Defendant opposes the relief requested herein.

           /s/ *Benjamin W. Raslavich*
           **BENJAMIN W. RASLAVICH, ESQ.**
           Florida Bar No.: 0102808

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant Motion and Memorandum contains 6,665 words.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808