**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

ANDREW DAVID and
KELLY DAVID,

      Plaintiffs,

v.                            Case No.: 5:21-cv-00027-MW-MJF

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**<u>MOTION TO REMAND AND FOR ATTORNEY FEESAND COSTS</u>**

COME NOW, Plaintiffs, Andrew David and Kelly David, pursuant to this Court's Order dated March 3, 2021 (DE 9), and file this Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Remand and For Attorney Fees and Costs, stating as follows:

Throughout its Response to Plaintiffs' Motion to Remand, Defendant repeatedly misstates the record, and asks the Court to ignore settled law, all in an effort to manufacture subject matter jurisdiction where none exists. The entirety of Defendant's position as to how the cost to repair or replace hurricane damaged property impacts the amount in controversy in this bad faith litigation is without merit. Plaintiffs highlight herein the fatal defects in Defendant's argument,

beginning with the most compelling; to wit: Defendant's disingenuous reliance on amounts referenced in nullified, superseded discovery responses.[1]

Defendant represents that, in response to interrogatory number one, Plaintiffs "referenced two records: an estimate created by Five Star Claims Adjusting dated October 30, 2018 and an estimate dated November 16, 2018 […] of $135,867.00 and $11,623.01 respectively." *See,* DE 7 at p. 8. Defendant contends that this suggests a controversy in excess of $75,000. It does not, and is a half-truth, at best. In fact, Plaintiffs explicitly disclaimed this notion, stating "***notwithstanding" the Five Star estimates*** (emphasis added). Plaintiffs stress that, in context, their response also referenced the Complaint which includes: 1) an express and unequivocal statement that Plaintiffs do not seek damages in excess of $75,000.00; and 2) the Appraisal Award through which Plaintiffs were awarded $81,778.61 in replacement cost value ("RCV") damages. *See,* DE 1-2, 1-4.[2] Plaintiffs' response in its entirety renders Defendant's position untenable.

---

[1] To be clear, as detailed in Plaintiffs' Motion to Remand, and as duly attested to, Plaintiffs do not claim damages equal to the cost to repair or replace the damage caused by the hurricane, nor do Plaintiffs seek damages in excess of $75,000. The arguments herein are presented, assuming *arguendo*, that the cost to repair or replace were somehow relevant to the amount in controversy calculation (which it was not).

[2] *Nota bene,* Plaintiffs also referenced their response to interrogatory number five, which referred Defendant to repair invoices totaling $83,073.15. As discussed in Plaintiffs' Motion to Remand, there is certainly <u>no</u> basis to add together both estimated <u>and</u> actual costs of repair when determining the amount in controversy. Defendant does not argue otherwise.

Defendant does not dispute that the Appraisal Award has been paid, nor does Defendant dispute that the underlying insurance claim is subject to a $5,200.00 hurricane deductible. Instead, without citing any supporting authority, Defendant argues "the amount in controversy at the time of removal should not be derived based on a calculation or alleged set-off." *See,* DE 7 at p. 15. Ironically, Defendant's position is foreclosed by the very legal authority upon which it relies elsewhere in its Response. *Id.* at p. 10 (citing *Tall v. Fed. Ins. Co.*, 620CV1125ORL37LRH, 2020 WL 6484106 (M.D. Fla. Aug. 27, 2020), *report and recommendation adopted*, 620CV1125ORL37LRH, 2020 WL 5887647 (M.D. Fla. Oct. 5, 2020)).

In *Tall*, the District Court, like so many other Courts in the Eleventh Circuit, held that:

> Plaintiffs are correct that pre-suit payments and deductibles do not ordinarily constitute amounts "in controversy" for purposes of removal. *See, e.g.*, *Koester v. State Farm Ins. Co.*, No. 7:12-cv-02528-JEO, 2012 WL 5265783, at *5 (N.D. Ala. Oct. 22, 2012) ("[W]hen an insurer makes pre-suit payments towards an insured's claim, such amounts are not 'in controversy' and thus not included when determining whether the jurisdictional threshold has been met."); *Bittorf v. Lexington Ins. Co.*, No. 6:18-cv-632-Orl-37TBS, 2018 WL 2976734, at *3 (M.D. Fla. May 24, 2018) (reducing amount allegedly in controversy by amount of deductible in finding remand proper), *report and recommendation adopted*, 2018 WL 2970923 (M.D. Fla. June 13, 2018).

*Id.* at *8.

This is a fundamental and settled legal principal. Moreover, it is both logical and unsurprising given similarly well-established law prohibiting double recovery and excluding damages not cognizable from the amount in controversy calculation. *See, e.g., Carter v. Killingsworth*, 477 Fed. Appx. 647 (11th Cir. 2012) (damages not recoverable could not be included in determining whether suit satisfied amount-in-controversy requirement for subject-matter jurisdiction); *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294 (11th Cir. 1999)(same); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1373 (S.D. Ala. 2009)("Because compensatory damages cannot be awarded in a wrongful death action under Alabama law, they cannot be considered in assessing the amount in controversy"). This is true even when such amounts are listed in discovery responses. *See, e.g., Kinsey v. Husqvarna Constr. Products N.A., Inc.*, 8:19-CV-2658-T-33TGW, 2019 WL 5718283, at *2 (M.D. Fla. Nov. 5, 2019)("the Court will not include the $55,000 in front pay Kinsey listed in his answers to interrogatories in the amount in controversy calculation").

Further adding to the irony of Defendant's position that "the amount in controversy at the time of removal should not be derived based on a calculation" is the fact that Defendant supports its position with "a calculation" of its own. *See*, DE 1 at p. 5, FN 2; DE 7 at pp. 8 – 9. This contradiction notwithstanding, it is axiomatic that the amount in controversy should, and routinely is, determined by a calculation. *See, e.g. Tatum v. Progressive Select Ins. Co.*, 5:18-CV-165-MCR-GRJ, 2018 WL

7350671, at *2 (N.D. Fla. Oct. 16, 2018)(Rodgers, J.)("The crux of the issue is whether—***when calculating the amount in controversy***—federal courts estimate the reasonable amount of attorney's fees that will accrue through trial, or instead, consider only the fees incurred at the time of removal")(emphasis added); *Lambert v. Zurich Am. Ins. Co.*, 1:15CV71-MW/GRJ, 2015 WL 13388242, at *1 (N.D. Fla. July 29, 2015)(Walker, J.)("It is settled in this Circuit that future benefits ***are not calculated*** as part of the amount in controversy when the validity of the insurance policy is not an issue")(emphasis added); *Harris v. Metro. Life Ins. Co.*, 3:05CV363/RV, 2005 WL 2897931, at *1 (N.D. Fla. Nov. 2, 2005)(Vinson, J.)("The inclusion of such an award in ***the amount in controversy calculation*** is, therefore, appropriate")(emphasis added).

In light of the foregoing authorities, Plaintiffs Complaint itself, and consideration of the <u>entirety</u> of Plaintiffs' discovery response, Defendant's position that Plaintiffs "indicated that Plaintiffs were seeking an amount well in excess of the jurisdictional minimum" and "did not indicate that their claimed damages were subject to a setoff of any kind" is preposterous and must fail. *See,* DE 7 at pp. 9, 15. Defendant does not cite, nor does there exist, any authority to support its ostensible position that the Court is bound by Defendant's truncated recitation and self-serving interpretation of a nullified discovery response. Instead, case law provides that discovery responses are to be read as a whole and, to the extent ambiguities exist,

deference need not be afforded to Defendant's interpretation. *See, e.g., Widmar v. Sun Chem. Corp.*, 11 C 1818, 2012 WL 1755746, at *5 (N.D. Ill. May 16, 2012)("Although some parts of the response were not drafted as precisely as they could have been, read as a whole, there is no basis for finding that Plaintiff deliberately falsified his discovery responses"); *Benson v. Giant Food Stores, LLC*, 09-CV-3194, 2011 WL 6747421, at *13 (E.D. Pa. Dec. 22, 2011) (finding that "the discovery responses, when read as a whole, sufficiently" disclosed the plaintiff's belief as to causation); *Illinois Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking*, 129 F.3d 1267 (7th Cir. 1997)("The district court was not required to construe all ambiguities in the Fund's responses to interrogatories [directed at plaintiff's damages calculation] in favor of Gilbert Trucking").

Moreover, to the extent there are any ambiguities with respect to the evidence as it relates to the amount in controversy, post-removal clarifications, like those provided *ad nauseum* by Plaintiffs in the instant case, are routinely accepted. *See, e.g., Land Clearing Co., LLC v. Navistar, Inc.*, CIV.A. 11-0645-WS-M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012)("if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal.")

At bottom, Defendant's arguments are nothing more than transparent attempts to create uncertainty where none exists. Because the overwhelming weight of evidence establishes that the amount in controversy threshold has not been met, and because "[t]he presumption against the exercise of federal jurisdiction [requires] that all uncertainties as to removal jurisdiction are to be resolved in favor of remand", Plaintiff's Motion to Remand should be granted. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir.2001)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *see also, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999))).

WHEREFORE, Plaintiffs respectfully request an Order from this Honorable Court:

a. GRANTING Plaintiffs' Motion to Remand and for Attorney Fees and Costs;

b. REMANDING this case to the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida;

c. AWARDING Plaintiffs attorney fees and costs incurred in bring the Motion to Remand; and

d. Any and all other relief deemed appropriate under the circumstances.

Respectfully submitted by:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiffs


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I HEREBY CERTIFY that counsel for Plaintiff has conferred with counsel for Defendant in good faith with respect to the relief requested in Plaintiffs' Motion to Remand and that Defendant opposes the relief requested.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808


## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant Reply Memorandum contains 1,742 words.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808